IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DANIELLE SMITH, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 2:05cv105-T |
| | ) | (WO) |
| CPI, CORPORATION, et al., | ) | |
| | ) | |
|    Defendants. | ) | |

ORDER

Plaintiff Danielle Smith brings this action under
Alabama state law against defendants CPI, Corp., Jackie
Miller, Melissa Sullivan, and Sarah Dryer for breach of
contract, violation of 1975 Ala. Code § 25-5-11.1 (unlawful
termination for an action to recover benefits), and slander.
The jurisdiction of the court is invoked pursuant to 28
U.S.C.A. § 1332 (diversity of citizenship).  According to
Smith, the defendants illegally terminated her employment at
the Sears Portrait Studio in Montgomery, Alabama as a result
of medical problems arising from an injury that she
sustained on the job and then slandered her in front of
customers.  The matter is before the court on the

defendants' motion to dismiss the individual defendants and
for the plaintiff to plead with greater specificity her
charge of slander.  For the reasons that follow, the motion
will be denied.


## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss, the
court accepts the plaintiff's allegations as true, Hishon v.
King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232
(1984), and construes the Complaint in the plaintiff's
favor.  Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).
"The issue is not whether a plaintiff will ultimately
prevail but whether the claimant is entitled to offer
evidence to support the claims."  Sheuer v. Rhodes, 416 U.S.
232, 236, 94 S.Ct. 1683, 1686 (1974).  The complaint may be
dismissed "only if it is clear that no relief could be
granted under any set of facts that could be proved
consistent with the allegations."  Hishon, 467 U.S. at 73,
104 S.Ct. at 2232.  Finally, a motion to dismiss may be

2

granted as to only part of a Complaint and denied as to the remainder.  See, e.g., Chepstow Ltd. v. Hunt, 381 F.3d 1077 (11th Cir. 2004) (reversing district court's dismissal of some of plaintiff's claims, while affirming dismissal of other claims); Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 115 (2d Cir. 1982) ("a Rule 12(b)(6) motion to dismiss need not be granted nor denied in toto but may be granted as to part of a complaint and denied as to the remainder"); see also 12 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1358.


## II. DISCUSSION

### A. INSUFFICIENT SERVICE OF PROCESS

The defendants move to dismiss the individual defendants for insufficient service of process and a consequent lack of personal jurisdiction.  Under Fed. R. Civ. P. 4(e)(2), service upon an individual for whom a waiver has not been obtained may be accomplished by "delivering a copy of the summons and of the complaint to the individual personally or

by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."  The defendants assert that, because no valid method of service was used with respect to Miller, Sullivan, or Dryer,[1] they should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and (5).[2]

Smith filed her complaint on February 4, 2005, and she has 120 days to affect service upon the defendants named in the complaint.[3]   Summons were issued to CPI and the

---

1.  Miller and Sullivan were district managers at CPI, and Dryer was a temporary studio manager.

2.  These rules provide that "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto ... except that the following defenses may at the option of the pleader be made by motion: ... (2) lack of jurisdiction over the person, ... (5) insufficiency of service of process...."

3.  Fed. R. Civ. P. 4(m) (setting out the 120-day time (continued...)

individual defendants on February 14, 2005; but the summons were returned unexecuted for Dryer and Miller on February 22, 2005.[4]   Nonetheless, the next day, return receipt cards were docketed as showing service accepted for Sullivan, Dryer, and Miller.[5]  The signature affixed to all of these cards was that of David Mathews, a CPI employee who drives trucks and collects mail at CPI's corporate headquarters in St. Louis, Missouri.  According to the defendants, the individual defendants never appointed Mathews to accept service of a summons and a complaint on their behalf.  Consequently, the defendants argue, "given

---

3.   (...continued)
frame during which the defendant(s) should be served with the summons and complaint, counted from the date of the complaint's filing).

4.   Unexecuted summons by Danielle Smith as to Sarah Dryer (doc. no. 3); unexecuted summons by Danielle Smith as to Jackie Miller (doc. no. 4).

5.   Return receipt cards for Sullivan and Dryer (doc. no. 5); return receipt cards for CPI and Miller (doc. no. 6).

the deficiency in service for the individual defendants, this Court does not have personal jurisdiction over them."[6]

While conceding that service upon Matthews was not appropriate, Smith correctly points out that, pursuant to Fed. R. Civ. P. 4(m), she has 120 days from the date upon which the complaint was filed to effect service.  Since her complaint was filed on February 4, 2005, she has until June 4, 2005, to serve properly the individual defendants.  Consequently, the defendants' motion to the extent it seeks dismissal of the individual defendants for inadequate service is premature.

### B. MORE DEFINITE STATEMENT

Under Fed. R. Civ. P. 12(e), "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  The

_____

6. Defendants' motion to dismiss and for more definite statement (doc. no. 7), at p. 5.

6

defendants argue that Smith's charge of slander is deficient because she "only identifies in general terms who heard the statement," and did not state "with particularity which Defendant made a particular statement and how the statement was published."  In addition, the defendants argue that "in Alabama, privilege is an affirmative defense to a claim for defamation, and a plaintiff must allege facts showing an absence of privilege where the complaint on its face shows that the alleged defamatory statement was privileged."[7]

In Smith's complaint, she alleges that district managers Miller and Sullivan confronted her in mid-to-late August in the Montgomery store that she managed.  They presented her with a document entitled "Final Written Warning," and, then, "[t]hese two (2) individuals within the hearing of ... customers' [sic] in the studio, went through the list of items allegedly violations of company policy committed by the Plaintiff and each district manager stated in reference

_____

7.  Id., at p.7.

7

to items that what she had done constituted 'stealing.'"[8] Smith's complaint then proceeds to detail the examples of stealing alleged against her.[9] Smith's complaint also states that, on November 10, 2003, "When the Plaintiff began to get up her personal items in order to leave, the Defendant Sarah Dryer, stated in front of customers and employees that the Plaintiff was stealing by taking the items."[10]

To establish a prima-facie case of defamation under Alabama law, "the plaintiff must show that the defendant was at least negligent, in publishing a false and defamatory statement to another concerning the plaintiff, which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod)." Nelson v. Lapeyrouse Grain Corp., 534 So.2d 1085, 1091 (Ala. 1988). In addition, the published statements must not be

_____

8.   Complaint (doc. no. 1), ¶¶ 17-18.

9.   Id. at ¶¶ 21-25.

10.  Id. at ¶ 35.

privileged.   <u>Drill Parts and Service Co., Inc. v. Joy Mfg.</u>
<u>Co.</u>, 619 So.2d 1280, 1289 (Ala. 1993).

In this case, Smith is alleging slander per se, or
"[s]poken words that impute to the person of whom they are
spoken the commission of an indictable criminal offense
involving infamy or moral turpitude." <u>Nelson</u>, 534 So.2d at
1091.   Slander per se includes "[a]n oral publication
imputing a crime of larceny." <u>Id</u>. at 1091-92.

Contrary to the defendants' assertions, Smith's
complaint provides essential details regarding the alleged
slander.   It specifies that each defendant, on a particular
date, accused Smith of stealing in the presence of customers
in the store.   This sketches the outlines of a valid claim
for slander.   <u>See</u>, <u>e.g.</u>, <u>Liberty Nat'l Life Ins. Co. v.</u>
<u>Daugherty</u>, 840 So.2d 152 (Ala. 2002)  (valid claim of
slander per se where company told customers that former
employee had stolen from company).  While the complaint may
not provide the names of the customers to whom the
statements were published, the defendants cite no cases--and

the court finds none--to suggest that such particularity is essential.

Smith's complaint also suggests that the defendants' statements in front of customers regarding Smith's alleged stealing were not privileged.  See, e.g., Nelson 534 So.2d at 1095 (no privilege attached to employer's allegedly defamatory statement to customer regarding the reason for former employee's discharge).  There is nothing to suggest that the defendants had a legitimate interest in making such a communication to customers or a duty to do so, nor is there any indication that CPI's customers had a legitimate reason for receiving the information.  Id.  Smith has therefore pled her defamation claim with adequate specificity.

## III. CONCLUSION

For the above reasons, it is ORDERED that the defendants' motion to dismiss and for plaintiff to plead her

10

defamation   claim   with   greater   specificity (doc. no. 7) is denied.

DONE, this the 19th day of April, 2005.

/s/ Myron H. Thompson
_____
UNITED STATES DISTRICT JUDGE