IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **DANIELLE SMITH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:05cv105-MHT |
| ) | (WO) |
| **CPI, CORPORATION, et al.,** ) | |
| ) | |
| Defendants. ) | |

ORDER

It is ORDERED that defendant CPI, Corporation's motion to strike (Doc. No. 47) is denied under the conditions set forth below.

Federal Rule of Civil Procedure 12(f), which delineates the general use of a motion to strike, provides that, "Upon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). The terms of the rule make clear that "[o]nly material included in a

'pleading' may be subject of a motion to strike. ... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999).

Therefore, as an initial matter, the motion to strike must be denied as to all non-pleadings, and, in this case, that would be all documents at issue. See Lowery v. Hoffman, 188 F.R.D. 651 (M.D. Ala. 1999); Fed. R. Civ. P. 7(a) (a "pleading" is "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.").

Nevertheless, in resolving the pending summary-judgment motion, the court will implicitly consider the motion to strike as, instead, notice of

objections to the testimony described.  Norman v. Southern Guar. Ins. Co., 191 F.Supp.2d 1321, 1328 (M.D. Ala. 2002); Anderson v. Radisson Hotel Corp., 834 F.Supp. 1364, 1368 n. 1 (S.D. Ga. 1993).  The court is capable of sifting evidence, as required by the summary-judgment standard, without resort to an exclusionary process.

DONE, this the 22nd day of February, 2006.


    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**